1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTHONY C. HERNANDEZ,                    No.  2:20-cv-1661 DB P

12                  Plaintiff,

13          v.                                  ORDER

14    ALLEN, et al.,

15                  Defendants.

16

17          Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C.

18    § 1983.  Plaintiff claims jail officials violated his rights while he was confined to the Amador

19    County Jail.  Presently before the court is plaintiff's motions to proceed in forma pauperis (ECF

20    Nos. 2, 8) and his amended complaint for screening (ECF No. 11).  For the reasons set forth

21    below, the court will grant the motions to proceed in forma pauperis and dismiss the amended

22    complaints with leave to amend.

23                               **IN FORMA PAUPERIS**

24          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25    1915(a).  (ECF No. 2, 8.)  Accordingly, the request to proceed in forma pauperis will be granted.

26          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING

### I.     Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

2

1   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2   allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

4   doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

5       The Civil Rights Act under which this action was filed provides as follows:

6           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the deprivation
7           of any rights, privileges, or immunities secured by the Constitution .
            . . shall be liable to the party injured in an action at law, suit in equity,
8           or other proper proceeding for redress.

9   42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  <u>Bivens</u>, 403 U.S. at

10  389.  The statute requires that there be an actual connection or link between the

11  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

12  <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

13  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

14  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

15  omits to perform an act which he is legally required to do that causes the deprivation of which

16  complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

17      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

18  their employees under a theory of respondeat superior and, therefore, when a named defendant

19  holds a supervisorial position, the causal link between him and the claimed constitutional

20  violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

21  <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

22  concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

23  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

24      **II.      The Amended Complaints Must be Dismissed**

25          **A.  Complaint Must be Complete in Itself**

26      In response to the court's order dismissing the original complaint as illegible, plaintiff

27  filed a first amended complaint.  (ECF No. 7.)  Thereafter, plaintiff filed a request to add

28  additional claims (ECF No. 10) and what appears to be a supplement to the first amended

3

1    complaint with one additional claim.  (ECF No. 11.)  However, plaintiff is advised that, as a

2    general rule, an amended complaint supersedes a prior complaint.  See Loux v. Rhay, 375 F.2d

3    55, 57 (9th Cir. 1967).  Once an amended complaint is filed, any prior complaint no longer serves

4    a function in the case.  Thus, once plaintiff filed the second amended complaint (ECF No. 11), it

5    superseded the first amended complaint (ECF No. 7).  Additionally, an amended complaint must

6    be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  The court cannot

7    look at a prior pleading in order to make his complaint complete.  Accordingly, the court will

8    dismiss the first and second amended complaints with leave to file a complete third amended

9    complaint.

10                   **B.  Unrelated Claims Against Different Defendants Belong in Different Suits**

11                   The court also notes that plaintiff has presented over ten separate claims against

12   approximately fifteen defendants in the two amended complaints.  (ECF Nos. 7, 11.)  Plaintiff

13   claims defendants failed to properly respond to his grievances, tampered with his legal mail while

14   he was proceeding pro se in both state and federal actions, and used excessive force against him.

15   (Id.)

16                   Plaintiff is advised that he may not bring unrelated claims against unrelated parties in a

17   single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir.

18   2011) (unrelated claims against different defendants belong in separate suits and complaints

19   violating that principle should be rejected).  While multiple claims against a single party may be

20   alleged in a single complaint, unrelated claims against different defendants must be alleged in

21   separate suits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule

22   18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four

23   defendants).

24                   Plaintiff may only bring a claim against multiple defendants so long as (1) the claim(s)

25   arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2)

26   there are common questions of law or fact.  Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co.

27   of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980).  As a practical matter, this means that claims

28   involving different parties cannot be joined together in one complaint if the facts giving rise to the

4

1   claims were not factually related in some way—that is, if there was not "similarity in the factual

2   background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).  General allegations are

3   not sufficient to constitute similarity when the specifics are different.  Id.  The fact that several of

4   plaintiff's claims involve allegations of retaliation does not necessarily make claims related for

5   purposes of Rule 18(a).  Id. at 1351.

6        The court is unable to discern any common questions of law or fact between plaintiff's

7   claims.  Additionally, trying to proceed with these disparate claims in a single case would be

8   practically difficult, if not impossible.  If plaintiff elects to file an amended complaint he should

9   assert only claims arising from common events and containing common questions of law or fact.

10   See George, 507 F.3d at 607 ("Unrelated claims against different defendants belong in different

11   suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s],

12   but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform

13   Act limits to 3 three the number of frivolous suits or appeals that any prisoner may file without

14   prepayment of the required fees.") (citing 28 U.S.C. § 1915(g)).  Alternatively, plaintiff may

15   select a single defendant and bring as many claims as he has against that party.  See Fed. R. Civ.

16   P. 18(a).

17   **III.**    **Amending the Complaint**

18        Plaintiff is advised that in an amended complaint he must clearly identify each defendant

19   and the action that defendant took that violated his constitutional rights.  The court is not required

20   to review exhibits to determine what plaintiff's charging allegations are as to each named

21   defendant.  The charging allegations must be set forth in the amended complaint, so defendants

22   have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

23   detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of

24   each claim.  See Fed. R. Civ. P. 8(a).

25        Any amended complaint must show the federal court has jurisdiction, the action is brought

26   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

27   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

28   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

1   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

2   of a constitutional right if he does an act, participates in another's act or omits to perform an act

3   he is legally required to do that causes the alleged deprivation).

4       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

5   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

6   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

7   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

8       The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

9   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

10  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

11  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

12  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

13  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

14  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

15      An amended complaint must be complete in itself without reference to any prior pleading.

16  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

17  Any amended complaint should contain all of the allegations related to his claim in this action.  If

18  plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended

19  complaint.

20      By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

21  has evidentiary support for his allegations, and for violation of this rule the court may impose

22  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

6

**CONCLUSION**

1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 8) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaints (ECF Nos. 7, 11) are dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  March 17, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights.hern1661.scrn2

7