UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN, et al.,<br><br>Defendants. | No. 2:20-cv-1661 DB P<br><br><br><br>ORDER |

Plaintiff is a state inmate proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims jail officials violated his rights while he was confined to the Amador County Jail. Presently before the court is plaintiff's third amended complaint for screening. (ECF No. 16.) For the reasons set forth below, the court will give plaintiff the option of proceeding with the complaint as screened or filing an amended complaint.

**SCREENING**

**I.  Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Third Amended Complaint**

Plaintiff states the events giving rise to the claim occurred while he was incarcerated at Amador County Jail. (ECF No. 16 at 1.) He has identified the following defendants: (1) lieutenant Stone; (2) captain J. Benov; (3) and sergeant McCarty.

On September 11, 2019, plaintiff was in his assigned cell sitting at his desk working on something related to his criminal case. (Id. at 4.) Sergeant McCarty approached the cell and told plaintiff to "cuff up." Plaintiff asked why and McCarty indicated that he wanted to talk to plaintiff. Plaintiff refused, and McCarty "threatened [plaintiff] with unnecessary force."

Lieutenant Stone indicated that they wanted to search his cell. Plaintiff submitted to restraints without resistance. Captain J. Benov and Stone escorted plaintiff to the A-pod main door. Stone was on plaintiff's left side and Benov was on the right. Plaintiff asked if he could remain present while officers searched his legal documents.

Stone "excessively squeeze[d]" plaintiff's left bicep and tricep causing him pain. (Id. at 4-5.) Stone and Benov raised plaintiff up to "tip toe level" and then yanked on his arm causing pain in his shoulder and a loud pop in his neck. (Id. at 5.) They yanked his arm above his neck, causing pain to radiate through his back and neck, then forced his face to the ground. The

////

officers used force to keep plaintiff in that position causing him to lose his footing. They dragged him to a safety cell where they kept him for approximately two and a half hours.

Plaintiff alleges officers subjected him to such treatment because they did not like plaintiff filing grievances, complaining, threatening to file lawsuits, and obtaining their information during the course of litigation. (Id.)

**III. Does the Complaint State a Claim under § 1983?**

**A. Cell Search**

The Fourth Amendment's protection against unreasonable searches extends to incarcerated individuals. Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988) (citing Bell v. Wolfish, 441 U.S. 520, 558 (1979)). However, to the extent plaintiff claims that his rights were violated by an unauthorized search of his cell, such a claim fails as a matter of law. See Hudson v. Palmer, 468 U.S. 517, 536 (1984) ("The Fourth Amendment has not applicability to a prison cell."); see also Mitchell v. Dupnik, 75 F.3d 517, 522 (9th Cir. 1996) (holding that pretrial detainees have no reasonable expectation of privacy in their cells). This is the case even though plaintiff has alleged that he had legal materials related to his case and that he was proceeding without counsel in that case. Mitchell, 75 F.3d at 523. Additionally, plaintiff has no right to be present during a cell search. Block v. Rutherford, 468 U.S. 576, 591 (1984) (per curiam).

Accordingly, plaintiff's allegation that officers conducted an unauthorized search and that he was not allowed to be present for the search fails to state a cognizable claim.

**B. Excessive Force**

It is not clear from the allegations in the complaint whether plaintiff was a pretrial detainee, or a convicted inmate housed at the Shasta County Jail. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not

////

4

inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not ... use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992) ). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986) ).

Pretrial detainees are afforded greater protection under the constitution than prisoners. Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992). A pretrial detainee's right to be free from excessive force comes from the Due Process Clause of the Fourteenth Amendment and not the Eighth Amendment. Kingsley v. Hendrickson, 576 U.S. 389 (2015). Unless the plaintiff demonstrates that the defendant intended to punish the inmate, conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' right to be free from punishment. See Block v. Rutherford, 468 U.S. 576, 584 (1984). Pretrial detainee's must show that the defendant purposely or knowingly used objectively unreasonable force. Kingsley, 576 U.S. at 396.

Plaintiff has alleged that officers Stone and Benov squeezed his arms, yanked them, and pulled him to the ground even though he was not resisting. The court finds such allegations are sufficient to state a claim against these defendants under either standard. Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (under either the Eighth Amendment's Cruel and Unusual Clause or the Fourteenth Amendment's Due Process Clause a "plaintiff must show that the prison officials acted with 'deliberate indifference'").

**C. Retaliation**

Plaintiff appears to allege that adverse action was taken against him because "they didn't like plaintiff filing grievances complaining and threatening to file lawsuits and obtaining their

////

info during the course of litigation." (ECF No. 16 at 5.) However, it is not clear if plaintiff intends to bring a claim for violation of his rights under the First Amendment.

To state a claim for violation of his rights under the First Amendment a plaintiff must allege the following: (1) "a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

The allegations are not sufficient to state a claim because plaintiff has not specified which defendants retaliated against him. He also has not stated facts showing that the cell search and excessive use of force was the motivation for the identified defendants taking action against him. In any amended complaint, plaintiff should specify which defendants took adverse action against him and some fact showing that those defendants were motivated to take such adverse action because plaintiff filed grievances.

### IV.    Amending the Complaint

As set forth above, plaintiff has stated a potentially cognizable excessive force claim against defendants Stone and Benov. The complaint does not contain any additional claims. However, plaintiff will have the option to proceed with the complaint as screened or file an amended complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must

contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

////

////

////

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff states a potentially cognizable excessive force claim against defendants Stone and Benov as set forth in Section III above. The complaint does not contain any additional cognizable claims. Accordingly, plaintiff will have the option of proceedings with the complaint as screened or filing an amended complaint.

2. Within sixty (60) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

3. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: May 21, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB//DB Prisoner Inbox/Civil.Rights/S/hern1661.scrn3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY C. HERNANDEZ,

    Plaintiff,

  v.

ALLEN, et al.,

    Defendants.

No. 2:20-cv-1661 DB P

PLAINTIFF'S NOTICE ON HOW TO PROCEED

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his excessive force claim against defendants Stone and Benov. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                                       _____
                                                                                       Anthony Hernandez
                                                                                       Plaintiff pro se